## THOMSAS CRAWFORD vs. JAMES MCKISSACK.

### Error from Bibb Circuit Court.

An attorney, who has obliterated an indorsement on the bond belonging
to his client, on which bond suit is pending, and who states upon oath
that he has no knowledge of the contents of the indorsement but that
which he had received as attorney in the cause, is not bound to testify
as to the contents of that indorsement.

The action was de<sup>'</sup>t on bond. The attorney of the plain-
tiff was introduced by the defendant, to prove what had been

Crawford
vs.
McKissack.

the contents of an indorsement on the bond, which had been obliterated by the witness. The attorney having been sworn, stated that the matter erased was a mere private memorandum for the benefit of the plaintiff, and that he had no knowledge of the case, other than such as he had received as attorney in the cause. The court did not require the witness to testify as to the contents of the indorsement. The refusal of the court to require the witness to give evidence as to this matter, having been requested so to do, by the defendant below, is assigned for error in this court.

PICKENS, for Plaintiff in error.

A lawyer is only privileged from stating, as a witness, what he has received *confidentially*, in his character, as attorney or counsel. It is not sufficient that the information was merely received as counsel. The matter erased is said to have been a private memorandum. Credits as commonly entered, may be called private memorandums : and yet if they be erased, their contents may be inquired into. Every paper put into a lawyer's hands may be said to have been received by him as counsel ; but the indorsements thereon are not therefore confidential ; and any knowledge he may have by mere inspection of those papers, without any confidential communication, he may be required to state.

MOODY, *contra*.

The privilege, that matters communicated to counsel are are not to be divulged, is the privilege of the client, and not of the counsel. The counsel is not at liberty to divulge such matters, as evidence against his client, if he were disposed to do so. The court will not permit a communication of this kind to be made. It is not necessary that it should be stated to be confidential. The confidence is implied. Information received, *as counsel*, is in its nature confidential information. It appears here, that this was a mere private memorandum, for the benefit of the plaintiff. The counsel then had a right

to erase it. It may have been a direction as to what witnesses were to be examined, or how the amount of the judgment was finally to be made.

Crawford
vs.
McKissack.

STEWART, on the same side.

If the counsel, who is called as a witness, must say what the information is, the protection is gone. But he may state the general nature or character of the information. He does state that it was a private memorandum, made for the benefit of the plaintiff, and that he had no information in regard to it, only that which he had received as counsel. The rule excluding the information must then operate. But, I contend that in cases of this kind, there is a *discretion* in the court below ; especially if the party claiming the information does not show that he has a right to the information. The court below could judge better from the appearances of the erasure, and from other circumstances, than this court can, before whom these circumstances cannot be presented in the same aspect.

PICKENS, in reply.

There is no more discretion in this case than in any other legal question. The privilege of exemption from testifying, being an exception from a common obligation, must be strictly construed. To authorise the exemption, the information must be communicated *confidentially*, and to an attorney ; that it was to an attorney is not of itself sufficient. Of the signing of a bond, or indorsements on paper, of which a lawyer may be apprised, he may be required to testify as well as another.

A lawyer who gets a note to bring suit on, of course gets it as counsel, with all its indorsements ; but that is no reason that the character of that note, and of all the indorsements may not be inquired into, and that the lawyer shall not be made a witness to prove the character and condition of the same, when the note was put into his hands.

Crawford.
vs.
McKissack.

**By Mr. Justice THORNTON :**

This case comes before us by writ of error, to a judgment of the Circuit Court of Bibb county, rendered against the plaintiff in error, upon a verdict, on issue, taken upon a plea of payment to debt on bond. The assignment of errors refers us to a bill of exceptions signed on the trial, from which it appears that the only question presented for revision is, whether the circumstances in which a witness who was called by the plaintiff in error, stood, deprived him of the benefit of his testimony. The facts to which the plaintiff wished to interrogate the witness, were, if there had been an indorsement or memorandum indorsed on the bond, which he had stricken off, and obliterated ; and what that indorsement was or had been. The witness was the attorney of the defendant in error, and being sworn, said that he had no knowledge of the case, other than such as he had received as attorney in the cause. The court sustained the witness in refusing to testify, as to the contents of the indorsement, which he had obliterated from the back of the obligation. As to the fact, whether there had been an indorsement or memorandum, the court did not interdict the testimony. The general rule is, that a matter entrusted to one as an attorney, shall not be betrayed. The rule is conceived to be a very salutary one, and seems to embrace all matters, which have come to the knowledge of the witness, whilst acting as attorney, and through the medium of the relation. I consider that to authorise the withholding of the matter, both those circumstances must concur : that is, it must have come to the knowledge of the witness since his retainer ; and must have been derived, by virtue of his being attorney in the cause. As to what he knew before the retainer, his subsequent employment cannot deprive the opposite party of the benefit of it : nor, as to what he knows of his own knowledge, not being acquired by means of the relation of client and attorney, can it be withheld. I do not find the rule restricted to such matters as may have been communicated in special confidence. The relation it-

self is of a confidential character, and every fact derived through the medium of it, seems to partake of its nature.— We do not think the court erred in the application of the principle.

The judgment must be affirmed.